IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| David Byron Allen, | ) | C/A No.: 8:13-cv-03477-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# ORDER

The plaintiff, David Byron Allen ("Plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security ("Defendant"), denying Plaintiff's claims for Disability Insurance Benefits pursuant to the Social Security Act. (ECF No. 1). This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Jacquelyn D. Austin (ECF No. 16) to whom this case was previously assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), DSC. In the Report, the Magistrate Judge recommends that the Court affirm the Commissioner's decision. The Plaintiff filed objections to the Report on April 13, 2015. (ECF No. 17). The Defendant filed a reply in support of the Report on April 20, 2015. (ECF No. 19). The matter is now ripe for disposition.

In conducting this review, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the

1

final determination.  The Court is required to make a <u>de novo</u> determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

In light of the standard set forth in <u>Wallace</u>, the Court has reviewed, <u>de novo</u>, the Report and the objections. Having conducted this review, the Court finds that substantial evidence supports the ALJ's decision. It is hereby **ORDERED** that the Report (ECF No. 16) is **ACCEPTED**, and that the Plaintiff's objections[1] (ECF No. 17) are **OVERRULED**. For the reasons articulated by the Magistrate Judge, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Terry L. Wooten
Chief United States District Judge

September 9, 2015
Columbia, South Carolina

---

[1] In his objections, the Plaintiff objects to the Magistrate Judge's findings regarding Dr. Lecher's opinion. Specifically, the Plaintiff argues that the Magistrate Judge offered different justifications for discounting Dr. Lecher's opinion than were articulated by the ALJ. This argument is without merit as the ALJ did in fact give little weight to Dr. Lecher's opinion because the limitations were not consistent with the claimant's testimony, as noted by the Magistrate Judge. (<u>See</u> ECF No. 16 at 20-24, citing the ALJ's reasoning verbatim and discussing these reasons in detail.). The ALJ also stated other reasons that Dr. Lecher's opinion was discounted. (<u>See</u> <u>id.</u>). Petitioner's argument that the Court should consider a later onset date is likewise without merit because the ALJ discounted Dr. Lecher's opinion, in part, based on the Petitioner's testimony at the August 2012 hearing, which came *after* Dr. Lecher's assessment.

2